UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **EDCV 17-909-JFW(KKx)**                                      Date:  July 11, 2017

Title:      Julie Reyes -v- Wells Fargo Bank, National Association, et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                 None

**PROCEEDINGS (IN CHAMBERS):**  ORDER DENYING PLAINTIFF'S MOTION TO REMAND
                      [filed 6/6/17; Docket No. 16]

  On June 6, 2017, Plaintiff Julie Reyes ("Plaintiff") filed a Motion to Remand.  On June 19, 2017, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed its Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's July 10, 2017 hearing calendar and the parties were given advance notice.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I. Factual and Procedural Background**

  On April 7, 2017, Plaintiff filed a Complaint in San Bernardino Superior Court against Wells Fargo and Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett Daffin"), alleging claims for: (1) violation of California Civil Code § 2923.55; (2) violation of California Civil Code § 2923.6; (3) violation of California Civil Code § 2923.7; (4) violation of California Civil Code § 2924.12; and (5) unfair business practices.  On April 19, 2017, Barrett Daffin filed a Declaration of Non-Monetary Status.  Plaintiff did not object to Barrett Daffin's Declaration of Non-Monetary Status.

  On May 10, 2017, Wells Fargo filed Notice of Removal, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.  Plaintiff now seeks to remand this action to San Bernardino Superior Court for lack of subject matter jurisdiction.

**II. Legal Standard**

  A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The

removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

### III.     Discussion

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

In her Motion to Remand, Plaintiff argues that this case should be remanded to San Bernardino Superior Court because diversity jurisdiction does not exist for three reasons: (1) Barrett Daffin is a citizen of California and is not a fraudulently joined defendant and, thus, there is not complete diversity of the parties[1]; (2) Wells Fargo's principal place of business is California, and, thus, there is not complete diversity of the parties; and (3) the amount in controversy does not exceed $75,000.

#### A.     Barrett Daffin is a Nominal Party.

California Civil Code § 2924*l* sets forth the procedure by which a trustee defendant may remove itself from a civil action in state court. Specifically, "[s]ection 2924*l* provides a limited procedure by which a trustee under a deed of trust may avoid participation in litigation and liability for damages, costs, and attorney fees." *Carillo v. ETS Services, LLC*, 2011 WL 12873783, *2 (C.D. Cal. Jan 28, 2011) (*quoting Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 349 (2008)). Section 2924*l* states:

> In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is subject, and in the event that trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omission on its part in the performance of its duties as trustee, then . . . the trustee may file a declaration of nonmonetary status.

A plaintiff has 15 days from the date of service of a declaration of non-monetary status to file an objection:

> In the event that no objection is served within the 15-day objection period, the trustee

---

[1] Plaintiff is a citizen of California.

shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject of the action or proceeding.

In this case, on April 19, 2017, Barrett Daffin filed a Declaration of Non-Monetary Status in San Bernardino Superior Court. Plaintiff did not object to Barrett Daffin's Declaration of Non-Monetary Status. Because Barrett Daffin filed a Declaration of Non-Monetary Status in San Bernardino Superior Court and Plaintiff did not timely object, Barrett Daffin obtained nominal third party status. Therefore, Barrett Daffin's citizenship is disregarded for purposes of determining diversity jurisdiction. *See, e.g., Bailey v. Specialized Loan Servicing, LLC*, 2017 WL 2664146 (C.D. Cal. June 20, 2017) ("Since NBS filed its [Declaration of Non-Monetary Status] and obtained nonmonetary status prior to removal because Plaintiff did not timely oppose, the Court finds NBS was transformed into a nominal third party, no longer required to participate in this action"); *Woodcock v. MERS*, 2011 WL 686188, *2 (C.D. Cal. Feb. 16, 2011) (holding the trustee defendant's declaration of non-monetary status sufficient to transform it into a nominal third party in federal court, which was no longer required to participate in the action). Accordingly, Barrett Daffin's citizenship does not destroy diversity jurisdiction.

### B. Wells Fargo is a Citizen of South Dakota.

In *Rouse*, the Ninth Circuit determined that Wells Fargo, a national banking association, was a citizen of South Dakota, not California. *See* 28 U.S.C. § 1348; *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("We hold that, under § 1348, a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located."). Accordingly, there is complete diversity between Plaintiff and Wells Fargo.

### C. The Amount in Controversy Exceeds $75,000.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. Jun. 29, 2010). In this case, it is clear that the amount in controversy exceeds $75,000, given that the amount of Plaintiff's home mortgage loan was $560,000, and, in her Complaint, Plaintiff seeks to enjoin the foreclosure sale as a remedy for the alleged violations of the Homeowner Bill of Rights statutes, namely California Civil Code §§ 2923.7, 2924.9, 2924.10, and 2924.17. *See* Complaint, ¶¶ 73, 78, 86, and 94; Prayer for Relief, ¶¶ 5 and 7.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion for Remand is **DENIED**.

IT IS SO ORDERED.